REQUESTED BY: Sen. Chris Beutler Nebraska State Legislature
The Nebraska Legislative Performance Audit Act (the "Act") is found at Neb. Rev. Stat. §§ 50-1201 through 50-1215 (Supp. 2003, 2004 Neb. Laws LB 1118, §§ 1, 2). That Act generally provides that a special legislative committee known as the Legislative Performance Audit Committee (the "Committee") shall conduct performance audits of state agencies and their programs and activities. Those audits are intended to provide an independent assessment of state agencies and their programs. Those audits consider such things as the effectiveness and results of programs, agency economy and efficiency, internal control by state agencies, and agency compliance with legal and other requirements.
Some question has apparently arisen with respect to the Committee's ability to obtain "confidential information" during the course of its audit work, and you introduced a bill during the last legislative session that clarified the scope of the Committee's authority. You have now posed two questions to us regarding that authority, and we will discuss each of your questions below. However, for purposes of our discussion, we will address your second question first.
Question No. 2. Whether the Legislative Performance Audit Committee's authority to obtain confidential information and records mirrors the authority of the Auditor of Public Accounts. In other words, is the Auditor's authority to access confidential information broader, narrower, or the same as that of the Legislative Performance Audit Committee?
Two Nebraska statutes deal with the authority of the Auditor of Public Accounts to access records in the possession of state agencies.[1]
First of all, the initial sentence of Neb. Rev. Stat. § 84-304(3) (2004 Neb. Laws LB 1118, § 3) provides that it shall be the duty of the Auditor:
 To examine or cause to be examined, as such time as he or she shall determine, books, accounts, vouchers, records, and expenditures of all state officers, state bureaus, state boards, state commissioners, the state library, societies and associations supported by the state, state institutions, state colleges, and the University of Nebraska, except when required to be performed by other officers or persons.
In addition, Neb. Rev. Stat. § 84-305 (1999) states that:
The Auditor of Public Accounts shall have access to all records of any public entity, in whatever form or mode the records may be, unless the auditor's access to the records is specifically prohibited or limited by federal or state law. No provisions of state law shall be construed to change the nonpublic nature of the data obtained as a result of the access. When an audit or investigative finding emanates from nonpublic data which is nonpublic pursuant to federal or state law, all the nonpublic information shall not be made public.
Section 84-305 was added to the statutes by 1995 Neb. Laws LB 509, § 4. The purpose of that provision from LB 509 was to "clarify the Auditor's access to nonpublic information." Committee Records on LB 509, 94th Neb. Leg., 1st Sess. Introducer's Statement of Intent (February 15, 1995). It was designed to guarantee the Auditor access to all records. Floor Debate on LB 509, 94th Neb. Leg., 1st Sess. 3566 (March 30, 1995) (Statement of Sen. Hall).
In contrast, § 50-1205 provides that the Committee shall:
 (7) Inspect and examine, or approve the inspection and examination of, the records and documents of any agency as a part of a performance audit or preaudit inquiry;
 (8) Administer oaths, issue subpoenas, compel the attendance of witnesses and the production of any papers, books, accounts, documents, and testimony, and cause the depositions of witnesses either residing within or without the state to be taken in the manner prescribed by law for taking depositions in civil actions in the district court.
A comparison of the statutes set out above permits several observations. First, the Committee has the power to subpoena witnesses and compel the production of documents, while the Auditor does not. In that sense, the Committee's general authority to access information is broader than that of the Auditor. However, when the Committee's authority to access documents outside of its subpoena power is compared with that of the Auditor, the circumstances are different. In the latter situation, § 84-305 allows the Auditor to review "all records of any public entity, in whatever form or mode the records may be, unless the auditor's access to the records is specifically prohibited or limited by federal or state law," and that language was apparently intended to allow the auditor to reach "nonpublic information." No similar language is contained in § 50-1205(7), and that statute essentially tracks § 84-304(3). For that reason, we believe that the Auditor's authority to review confidential information is broader than the Committee's authority in that regard.
Question No. 1. Whether the Legislative Performance Audit Committee has the inherent authority to access any and all of an agency's information and records, confidential or otherwise, in whatever form they may be. I am concerned as to (1) how the term "confidential" is defined, (2) whether an agency could assert any sort of privilege in response to the Committee's request for information, and (3) whether any other provisions of state or federal law would operate to limit the Committee's access to information.
We will turn next to your first question, and begin our discussion with the Committee's authority to review records and other information under its general statute, § 50-1205(7).
We have found no Nebraska cases which directly address the scope of the Committee's authority to obtain "confidential" or privileged information as it goes about its responsibilities to conduct performance audits. Nor are there any Nebraska statutes which directly address that issue. Our research also indicates that there is little law from other jurisdictions which is helpful in this area. Therefore, we would first point out that the law concerning your initial inquiry is not clear. However, we can again offer several observations concerning the Committee's authority to obtain "confidential" information.
First of all, on its face, § 50-1205(7) does not appear to contain any restrictions upon the Committee's authority to obtain access to records, including confidential records. Nonetheless, as we discussed above in response to your second question, the Auditor appears to have more general authority to examine confidential records than does the Committee, based upon § 84-305. It seems to us that the Auditor's broader statute might form the basis for an argument that the Committee does not have authority to access confidential or "nonpublic" information under §50-1205(7) alone.
It also might be argued that certain other Nebraska statutes impact the Committee's ability to access confidential information. For example, Neb. Rev. Stat. § 84-712.05 (Cum. Supp. 2002), which is part of the Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712 through84-712.09 (1999, Cum. Supp. 2002), sets out a number of categories of records which may be kept confidential from the public at the discretion of the custodian of those records, and that statute could form the basis for an assertion of confidentiality in response to a Committee audit request.[2] However, we have indicated in the past that, in our view, the Public Records Statutes do not provide a basis to deny the Auditor access to particular records for audit purposes. Op. Att'y Gen. No. 92116 (October 9, 1992). In addition, there is some case authority from other jurisdictions for the proposition that exemptions from disclosure under a state freedom of information statute only limit disclosure under the public's general right to review records, and do not limit disclosure to any agency vested with investigative or subpoena power. Head v. Colloton, 331 N.W.2d 870 (Ia. 1983). For those reasons, we believe that § 84-712.05 limits the public's right to access records under the Public Records Statutes rather than the Committee's authority to review confidential records as a part of a performance audit.
There are also evidentiary privileges set out at Neb. Rev. Stat. §§27-501 through 27-513 (1995) and in common law. Those privileges allow certain communications such as those between an attorney and client or a physician and patient to be kept confidential. Authorities which have considered application of those privileges in the context of audits have come to varying conclusions.
The Attorney General of North Dakota has indicated that privileges set out in the North Dakota Rules of Evidence such as the attorney/client privilege apply only to court proceedings, and do not prevent the release of attorney billing information to the North Dakota State Auditor.[3]
Op. N.D. Att'y Gen. No. L-1 (January 17, 1995). Similarly, the Attorney General of Delaware opined that a county auditor could review certain county billing records, even if they included potential information subject to the attorney/client privilege.[4] Op. Del. Att'y Gen. No. 04-IB09 (April 15, 2004). On the other hand, in Kyle v. Louisiana Public Service Commission, 2004 WL 691662 (La.Ct.App. April 2, 2004), the Louisiana Court of Appeals held that the Public Service Commission in Louisiana could assert both the attorney/client privilege and the deliberative process privilege to limit access to information sought by the legislative auditor in Louisiana in connection with a performance audit.[5] And, the Attorney General of Missouri has indicated that in situations where the attorney/client privilege or the attorney work product privilege is properly assertable in pending or imminent litigation, the state auditor is not entitled to access to the litigation records of an agency. Op. Mo. Att'y Gen. No. 74-87 (October 5, 1987).
As a result, it is not at all clear whether evidentiary or common law privileges may be properly asserted with respect to a performance audit by the Committee. Moreover, we would also point out that a performance audit by the Committee is an audit of executive branch agencies by the Legislature and the legislative branch of government. Floor Debate on LB 607, 98th Neb. Leg., 1st Sess. 41 (February 12, 2003) (Statement of Sen. Schimek). That, in turn, raises questions regarding whether certain privileges which might be raised by an executive agency such as the executive privilege or the deliberative process privilege could raise separation of powers issues under art. II, § 1 of the Nebraska Constitution. For example, the Attorney General of Maryland has indicated that a statute which purports to give a legislative auditor authority to examine any record pertinent to an executive agency's performance cannot exceed those powers allocated to the legislative branch under the constitution and separation of powers principles. Op. Md. Att'y Gen. No. 91-014 (March 18, 1991).
We would also note that there may well be federal statutes which could operate to limit the Committee's access to certain information in the possession of executive agencies in Nebraska. However, at this point, we have not attempted to search all existing federal laws in an effort to locate such statutes. If you have specific statutes in mind, or if an agency offers a federal statute as a reason for confidentiality in the process of an audit by the Committee, then we will be happy to provide our views as to the applicability of that statute to the Committee's information request at that time.
Finally, we will briefly discuss the Committee's authority to review records and other information under § 50-1205(8), the statute which allows the Committee to issue subpoenas and compel the production of papers, books, accounts and documents.
We assume that the Committee's subpoena power would be exercised under Section 20 of Rule 3 of the Rules of the Nebraska Legislature. Rules of the Nebraska Unicameral Legislature, Rule 3, § 20 (January 9, 2004). Subsection (F)(iii) of that section provides that "[a]ny person who appears before a committee pursuant to this section shall have all the rights, privileges, and responsibilities of a witness provided to all other witnesses." That subsection appears to allow witnesses before a legislative committee to assert evidentiary privileges such as the attorney/client privilege, and those privileges would presumably extend to documents produced under a subpoena duces tecum in connection with a performance audit.
 Summary
To summarize the discussion above, we believe that the Auditor's general authority to review records in the context of an audit is broader than that of the Committee. That result may allow an argument that the Committee has less authority to review confidential records than does the Auditor. We also do not believe that the confidentiality provisions of the Public Records Statutes limit access by the Committee to agency records. However, agencies may well be able to assert evidentiary privileges in response to records requests from the Committee in connection with an audit, particularly when the records at issue implicate separation of powers issues and privileges. Some of the current uncertainties in the statutes could be remedied by clarifying legislation. In that regard, we would point out that it may be easier to overcome an evidentiary privilege in an audit by the Committee if there is a statutory provision similar to Neb. Rev. Stat. § 84-311 (1999) which places strictures on the Committee and its staff with respect to the unauthorized release of information obtained in an audit.
Sincerely yours,
 JON BRUNING Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
_________________________________ Attorney General
cc: Patrick O'Donnell Clerk of the Legislature
[1] In our Op. Att'y Gen. No. 02030 (December 2, 2002), we indicated that the Auditor of Public Accounts has inherent constitutional authority to conduct financial audits apart from his or her responsibilities under statute. For purposes of this opinion, we will focus on the statutory authority of the Auditor as it compares with that of the Committee, inasmuch as it appears to us that, while the Legislature as a body has inherent investigatory authority in the context of a proper legislative task, the Committee's authority is created primarily by statute and the Rules of the Legislature.
[2] It may well be that the "nonpublic" information at issue in the passage of § 84-305 was the information described in § 84-712.05. Whether that is, in fact, the case is not addressed in the legislative history of § 84-305.
[3] The North Dakota statutes at issue allowed the State Auditor to review "all information relating to operations of all governmental units subject to audit."
[4] The Delaware statutes at issue allowed the county auditor to access "any and all books, records and accounts of each office, department or board of the county."
[5] The deliberative process privilege protects confidential, intra-agency advisory opinions, disclosure of which would be injurious to the consultative functions of government. Kyle v. Louisiana Public Service Commission, 2004 WL 691662 (La.Ct.App. April 2, 2004)